REQUESTED BY: Senator Loran Schmit Nebraska State Legislature
Do the personal exemptions provided by LB 335 unconstitutionally supersede the federal bankruptcy laws relative to annuities?
No, the State of Nebraska formally rejected the federal exemptions and elected to retain personal exemptions provided by state law.
DISCUSSION: The Federal Bankruptcy Code 11 U.S.C. § 522(b)(1) provides that an individual debtor may exempt certain personal property from the bankruptcy estate. It allows the debtor the option of choosing to use either the federal exemptions provided in the bankruptcy code § 522(d) or exemptions provided by non-bankruptcy federal law or exemptions provided by state or local law unless the state law applicable to the debtor specifically does not so authorize.
Neb.Rev.Stat. § 25-15,105 provides:
The federal exemptions provided in 11 U.S.C. § 522, subsection (d), are hereby rejected by the State of Nebraska. The State of Nebraska elects to retain the personal exemptions provided under Nebraska statutes and the Nebraska Constitution and to have such exemptions apply to any bankruptcy petition filed in Nebraska after April 17, 1980. In enacting § 25-15,105 the Legislature eliminated the option of using federal bankruptcy code exemptions for debtors filing bankruptcy in Nebraska. However, Nebraska debtors are still permitted to use personal exemptions provided by either state and local law or non-bankruptcy federal law. Because the rejection of Federal Bankruptcy Code § 522(d) exemptions is permitted by § 522(b)(1) and because the Legislature enacted §25-15,105, LB 335 does not unconstitutionally supersede the federal bankruptcy laws.
Sincerely,
ROBERT M. SPIRE Attorney General
Yvonne E. Gates Assistant Attorney General